IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR/A No. 6:10-cr-00723-DCC-1 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Timothy Edward Witherspoon, | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Pro Se Motion for Early Termination of Supervised Release. ECF No. 90. On September 8, 2010, Defendant pleaded guilty pursuant to a written plea agreement to bank robbery in violation of 18 U.S.C. 2113(a). ECF Nos. 2, 32. On December 21, 2010, Defendant was sentenced for a term of 188 months, followed by a three-year term of supervised release. ECF No. 42 at 2–3. On September 21, 2023, the case was reassigned to the Honorable Donald C. Coggins, Jr. ECF No. 83. On February 12, 2025, Defendant filed the present Motion seeking early termination of his supervised release. ECF No. 90 at 1. Defendant's term of supervised release began on September 2, 2022. *Id.*

On February 25, 2025, the United States Probation Office ("U.S. Probation") filed a Response to Early Termination Request. ECF No. 92. U.S. Probation noted that the only violation by Defendant was a citation by South Carolina Highway Patrol for Driving Under the Influence on January 18, 2024. *Id.* at 1. Otherwise, U.S. Probation confirmed Defendant has been fully compliant thus far and maintained a stable residence and employment as well as satisfying all financial obligations and testing negative on all drug urinalyses. *Id.* U.S. Probation further noted that the Government does not oppose Defendant's request. *Id.* at 2. However, U.S. Probation opposes termination at this time

because he classifies as a career offender.  *Id.*  U.S. Probation noted, however, that Defendant otherwise meets all the statutory criteria for early termination.  *Id.*

Pursuant to 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1, this Court may, after consideration of the relevant factors in 18 U.S.C. § 3553(a), terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if the Court is satisfied that the action is warranted by the defendant's conduct and the interest of justice.  Further, the Guide to Judiciary Policy, Volume 8E, § 360.20(c) states that after 18 months of supervised release, there is a presumption in favor of recommending early termination for persons who meet the following criteria: (1) the person does not meet the criteria of a career drug offender or career criminal as set forth in 28 U.S.C. § 944(h) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

After careful consideration of the applicable factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in the Guide to Judiciary Policy, Volume 8E, § 360.20(c), this Court finds that early termination of Defendant's supervised release at this point in time is in the interest of justice.  While Defendant technically qualifies as a career offender, he satisfies all other criteria under the Guide to Judiciary Policy, Volume 8E, § 360.20(c).  In addition, his criminal history is not so extensive or violent in nature as to disqualify him

from consideration for early termination after taking into account the relevant 3553(a) factors.  The Court also notes that Defendant served a lengthy term of incarceration and has, other than one incident which occurred over a year ago, been fully compliant with supervised release.  Moreover, Defendant has completed significantly more than 50 percent of his total three-year term of supervised release.  Defendant also informs the Court of prosocial activities and prosocial support including maintaining steady employment since October 2022, getting married, and helping feed the homeless in his community.  ECF No. 90 at 1.  Accordingly, for the reasons stated above, Defendant's Motion is granted.

For the reasons set forth above, Defendant's Motion for Early Termination of Supervised Release [90] is **GRANTED**.


IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 24, 2025
Spartanburg, South Carolina